OPINION
Defendant Neil Eugene McMasters appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found him to be a sexual predator pursuant to R.C. 2950.09. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
The record indicates appellant was convicted on September 26, 1980, of one count of rape in violation of R.C. 2907.02 after appellant pled guilty. Pursuant to R.C. 2950.03, 2950.04, and2950.09, previously convicted persons presently incarcerated must be classified pursuant to the Sex Offender Registration Act. The trial court held a hearing on appellant's status on May 26, 1998. The State presented evidence of appellant's conviction, the medical records of the victim, and appellant's statement to police. In response, appellant offered the pre-parole evaluation of a psychiatrist from the Ohio Department of Mental Health.
R.C. 2950.09 provides in pertinent part:
 2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court made a number of findings, including that the offender was age 26 at the time of the incident, and had a prior conviction, although it was not a prior sex offense. The court found there was a single victim, age five, and the appellant was the uncle of the victim. The court found there was no evidence of mental illness or disability, nor any evidence the offender had used drugs or alcohol. The court found the nature of the sexual offense, namely anal intercourse with injury, displayed cruelty. The court found significant the relationship between appellant and his victim, the age of the victim, and the type of sex act performed on the victim. The court concluded by clear and convincing evidence appellant should be classified as a sexual predator.
Appellant argues the State only proved he was a sex offender, and there was no evidence of likelihood to reoffend. Appellant suggests if a child sex offense conviction was sufficient to classify an offender as a predator, then the procedural and evidentiary requirements of the statute are meaningless, and the classification would be automatically attached to the conviction. The definition of a sexual predator contains two components, both that the person was convicted of a sex offense, and also that he is likely to engage in the future in one or more sexually oriented offenses. Appellant suggests the evidence in the case only addressed the first component.
We do not agree. We have reviewed the evidence before the trial court, and in particular, the pre-parole evaluation of the psychiatrist. As appellant urges, the psychiatrist does state there is no indication appellant currently represents a danger to others. Nevertheless, the report is replete with factors which could reasonably be construed as indicating the likelihood to re-offend. The psychiatrist's conclusion recommends counseling, mandatory drug and alcohol treatment, and follow up with an outpatient sexual offender program. Although the trial court did not explicitly find appellant is likely to engage in the future in one or more sexually oriented offenses, it is implicit in its finding appellant is a sexual predator, and that conclusion is borne out by the record.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court reviewed Ohio's new Sexual Offender Classification Act. Although the court in Cook, did not specifically address the standard of review we should apply when construing a claim that a trial court improperly classified the offender as a sexual predator, the Cook court did state in its opinion that the judgment in the Cook case was not against the manifest weight of the evidence, Cook at 426.
Weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial in support of one side of the issue rather than the other, see State v.Thompkins (1997), 78 Ohio St.3d 380 at 387. Judgments supported by some competent and credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence, C.E. MorrisCompany v. Foley Construction Company (1978), 54 Ohio St.2d 279.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0204
JUDGMENT ENTRY
CASE NO. 1998-CA-0178
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
______________________________
______________________________
 ______________________________ JUDGES